# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

LIONELL HAMILTON-BEY,          )
                        Petitioner,       )     No. 05-0318-CV-DW
v.                           )     (No. 03-0265-CR-DW)
                              )
UNITED STATES OF AMERICA,   )
                       Respondent.   )

## ORDER

Petitioner Lionell Hamilton-Bey has filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255. (Doc. No. 1.)  For the following reasons, the motion is denied.

Petitioner seeks relief from the 48-month sentence imposed following his conviction for violating 18 U.S.C. §922(g)(1).  In his motion, Petitioner claims that he received ineffective assistance of counsel at sentencing because his counsel did not object to the Court's decision to increase his base offense level by four levelss pursuant to U.S.S.G. § 2K2.1(b)(5).  This section of the guidelines provides for a four level increase where "the defendant used or possessed any firearm or ammunition in connection with *another felony offense*."  Petitioner claims that he did not commit "another felony offense" when he violated §922(g)(1), and that his counsel was ineffective for not raising the argument at sentencing.

In Strickland v. Washington, 466 U.S. 668 (1984), the U.S. Supreme Court established a two-part test for evaluating claims of ineffective assistance of counsel.  First, a petitioner must show that counsel made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687.  To satisfy this prong of the test, a petitioner must overcome the strong presumption that counsel's conduct was within the wide range of reasonable professional assistance.  Id. at 689.  Second, a petitioner must demonstrate that "but for counsel's

unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Here, if it is assumed that sentencing counsel was wrong not to object to the four level increase, Petitioner's claim nevertheless fails because he does not establish prejudice. On May 25, 2003, Petitioner was arrested and later charged for being a felon in possession of ammunition. Prior to his arrest, Petitioner reportedly brandished a firearm in front of several individuals. It was the brandishing of the gun that formed the basis for the four level increase. Using a firearm in this manner is a felony in Missouri. MO. REV. STAT. §571.030 (2003). Petitioner's pre-arrest conduct, therefore, could have formed the basis for the increase, even though he was not charged with or convicted of the felony in a Missouri court. See U.S. Sentencing Guidelines Manual § 2K2.1 cmt. n.4 ("'Felony offense,' as used in subsection (b)(5), means any offense (federal, state or local) punishable by imprisonment for a term exceeding one year, whether or not a criminal charge was brought, or conviction obtained.") Under these circumstances, it would have been futile for sentencing counsel to object to the four level increase. Petitioner cannot therefore establish the prejudice prong of the Strickland test.

For the foregoing reasons, the § 2255 petition for habeas relief is denied. The Court further finds that Petitioner has failed to make a substantial showing that he has been denied constitutional rights. Garrett v. United States, 211 F.3d 1075, 1076-77 (8th Cir. 2000). Accordingly, he is denied a certificate of appealability.

IT IS SO ORDERED.

/s/ DEAN WHIPPLE
Dean Whipple
United States District Court

Date:  June 28, 2005

2